IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01013–KMT

RENE DEANDA,

    Plaintiff,

v.

GC SERVICES, L.P., and
DOES 1-10, inclusive,

    Defendants.

## ORDER

This case comes before the court on "Defendant GC Services, L.P.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (Doc. No. 23 [Mot.], filed January 23, 2014), to which Plaintiff filed her response on February 24, 2014 (Doc. No. 29 [Resp.]) and Defendant filed its reply on March 6, 2014 (Doc. No. 30 [Reply]). This motion is ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff filed her Complaint on April 18, 2013 alleging Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Doc. No. 1 [Compl.], ¶ 1.) Plaintiff, alleges she is a "consumer" pursuant to 15 U.S.C. § 1692a(3) and she incurred a financial obligation in the approximate amount of $780.00 ("the Debt") to an original creditor ("the Creditor"). (*Id.*, ¶ 8.) Plaintiff alleges the Debt was purchased, assigned to or

transferred to Defendant GC Services, L.P., which operates as a collection agency, for collection. (*Id.*, ¶ 10.) Plaintiff alleges Defendant attempted to collect the Debt, and engaged in "communications as defined in 15 U.S.C. § 1692a(2.) (*Id.,* ¶ 11.) Plaintiff alleges on or around October 2012, Defendant contacted Plaintiff in an attempt to collect the Debt. (*Id.*, ¶ 12.) Plaintiff alleges on or about January 2, 2013, Plaintiff instructed Defendant not to call her at work, but on January 9, 2013, Defendant placed an additional call to her at her place of employment. (*Id.*, ¶¶ 13-14.) Plaintiff asserts claims that the defendant violated 15 U.S.C. § 1692c(a)(3) because Defendant contacted Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.[1] (*Id.*, ¶ 19.)

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P.

---

[1] Plaintiff also asserted claims under 15 U.S.C. §§ 1692d and 1692f, which she later withdrew. (*See* Resp. at 2, ¶ 2). Thus, the claims were dismissed. (Doc. No. 33.)

56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## UNDISPUTED FACTS

Following are the relevant undisputed facts as agreed to by the parties (*see* Mot. at 2-5; Resp. at 5):

    1.    Defendant was attempting to collect a delinquent financial obligation related to a Credit One Bank Account (the "Account"). (Mot., Ex. A, Deposition of Plaintiff, p. 45, ll. 16-25; Ex. B, Aff. of Paul Grover, ¶ 5; Ex. D, Account Notes.)

2.	The Account was assigned to Defendant on November 14, 2012.  (Ex. B, ¶ 5.)

3.	Upon assignment of the Account, the creditor provided Defendant with a primary telephone number of: (303) 458-4933.  (Ex. B, ¶ 6; Ex. D, (top of page 1).)

4.	Plaintiff believes she owes the Account.  (Ex. A, p. 47, ll. 2-17.)

5.	Defendant called (303) 458-4933 and spoke to Plaintiff on November 14, 2012, November 19, 2012, November 27, 2012, and December 6, 2012.  (Ex. B, ¶¶ 7-10.)

6.	Plaintiff has no recollection about anything that was said during the calls on November 14, 2012, November, 19, 2012, November 27, 2012, or December 6, 2012.  (Ex. A, p. 80, ll. 8-15.)

7.	During the calls on November 14, 2012, November 19, 2012, November 27, 2012, and December 6, 2012, Plaintiff gave no indication to Defendant's representative that Defendant had called her place of employment and that Plaintiff either objected to being called at work or that her employer prohibited calls while at work.  (Ex. B, ¶¶ 7-10; Ex. A, p. 83, ll. 2-23.)

8.	The person who spoke to Plaintiff on January 2, 2013, was Kevin Farrington.  (Ex. C, ¶ 5.)

9.	The Account Notes for the call that took place on January 2, 2013, reflect that Plaintiff refused to discuss the Account, said that she could not make payments on the Account until her spouse got a job, and terminated the call by saying "stop calling."  (Ex. C, ¶ 7.)

10. Mr. Farrington is trained to document any indication by a consumer that Defendant has called the consumer's place of employment and that the consumer is not allowed to receive calls at his or her place of employment. (Ex. C, ¶ 8; Ex. B, ¶¶ 14-15.)

11. When a consumer indicates that he or she is being called at work and is not permitted to receive such calls at work, the representative is to place the call in a "do not call" status (designated as "DNC"), and no additional calls are to be made to that telephone number. (Ex. B, ¶¶ 16-17; Ex. C, ¶ 10.)

12. The policy described in Paragraph No. 13 is designed to avoid any violation of 15 U.S.C. § 1692c(a)(3). (Ex. B, ¶ 18.)

13. If Plaintiff had advised Mr. Farrington that she was not allowed to receive calls at work, the failure to place the status of the number as "do not call" or "DNC" would have been a violation of the defendant's policies and procedures. (Ex. C, ¶ 13; Ex. B, ¶¶ 14-17; Ex. E,2 Call Matrix.)

14. Plaintiff has her own office at her place of employment with her own telephone line. (Ex. A, p. 28, lines 5-11.)

15. Plaintiff's direct work line is 303-458-4933. (Ex. A, p. 21, ll. 16-17.)

16. Plaintiff never gives out the main number to her place of employment and instead gives out her direct work line when providing her work number. (Ex. A, p. 28, ll. 12-23.)

17. Plaintiff makes personal calls at her place of employment. (Ex. A, p. 72, ll. 16-17.)

18.     Plaintiff has received other collection calls to her place of employment. (Ex. A, p. 32, lines 2-6.)

19.     Plaintiff was receiving debt collection calls at work from a different debt collection company at the end of November 2012. (Ex. A, p. 40, ll. 19-p. 41, l. 15.)

## ANALYSIS

Defendant argues it is entitled to summary judgment because there is no genuine issue of material fact with respect to Plaintiff's claim. Section 1692c(a)(3) prohibits contacting a consumer regarding a debt without consent "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3).

Defendant argues it is undisputed that Plaintiff never stated or otherwise implied that her employer prohibited calls to her work. (Mot. at 2.) Defendant argues Plaintiff does not even know what her employer's policy is with respect to receiving personal calls, and she does receive personal calls at work. (*Id.*)

In response to an interrogatory request regarding her company's policy regarding personal telephone calls, Plaintiff responded as follows:

> Personal calls at work are frowned upon, and personal business calls from debt collectors are not allowed as they are unwelcome, intrusive, embarrassing, and negatively affect the productivity of employees. My immediate supervisor is Andrew Honker at 3034584142. I am not sure if he has a specific responsibility of monitoring this policy. I was clear to the representatives of Defendant that they were not authorized to call me at work, and that I was not allowed to receive personal business matter calls at my workplace.

(Mot., Ex. F, Plaintiff's Supplemental Response to Interrogatory No. 24.)

Defendant argues that at Plaintiff's deposition, however, and contrary to her response to Interrogatory No. 24, Plaintiff clarified that she did not instruct Defendant's representative that she was not allowed to receive calls at work. In her deposition, Plaintiff testified as follows:

> Q. Okay. On that January 2 call, did you tell the representative that your employer prohibited calls to work?
> A. I told them not to call me at work.
> Q. You just said, Don't call me at work?
> A. I said, I cannot receive calls at work. No. Let me start that over. I instructed that they not call me at work, and they disregarded what I said.
> Q. So that was the extent of it? You didn't say, for example, I can't -- you know, it's our company policy that I can't receive calls at work; I can get in trouble if I receive calls at work? It was simply, Don't call me at work?
> A. I requested that they not call me at work, and they disregarded what I asked.
> Q. And what I'm trying to get at is you didn't elaborate at all during that call? To the best of your recollection, you just said simply, Do not call me at work, correct?
> A. Yes.

(Mot., Ex. A at p. 62, l. 22 to p. 63, l. 16.)

Defendant asks the court to disregard Plaintiff's interrogatory response and consider only Plaintiff's version of what transpired on the telephone call as true. (Mot. at 12.) The court does not necessarily agree with the defendant that Plaintiff's statements are contradictory. Nevertheless, even if it did agree, a Plaintiff having taken contradictory positions does not, *per se*, support summary judgment. *E.g., Marquez v. Baker Process, Inc.*, 42 F. App'x 272, 278, 2002 WL 1425201, at **5 (10th Cir. 2002) ("The Plaintiff's own testimony may, by showing a genuine question of fact as to a material issue, be sufficient to survive summary judgment. *See Selenke v. Medical Imaging of Colo.*, 248 F.3d 1249, 1257-59 (10th Cir.2001) (even where plaintiff's affidavit allegedly was contradictory to her previous deposition testimony, court was

unwilling to say that the affidavit was insufficient to preclude summary judgment on the point in question; summary judgment for defendant employer affirmed on other grounds)"). The *Marquez* court stated, "Clearly implicit in *Selenke* and other cases . . . is the principle that a party's testimony by itself may be sufficient to preclude summary judgment, even when the party has also given contradictory testimony."). 42 F. App'x at 278 n.3.

Plaintiff argues that Plaintiff was very clear in her deposition and her interrogatory response that she did not want to be called at work and clearly requested the Defendant refrain from calling her at work during the January 2, 2013, phone call. (*See* Resp.)

The court finds there is a genuine issue of material fact whether the defendant knew or had reason to know that Plaintiff's employer prohibited her from receiving collection calls at work. 15 U.S.C. § 1692c(a)(3).

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that "Defendant GC Services, L.P.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (Doc. No. 23) is **DENIED**; it is further

**ORDERED** that a telephonic final pretrial conference will be held in this case on September 18, 2014, at 9:30 a.m. The parties shall initiate a conference call and contact chambers at (303) 335-2780 at the time of the final pretrial conference. A Final Pretrial Order

shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

Dated this 22nd day of August, 2014.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge